863 F.2d 47
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. BARNES, Plaintiff-Appellant,
v.
UNITED STATES ARMY, BOARD OF CORRECTIONS, Defendant-Appellee.
 No. 88-3451.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1988.
 
 1
 Before ENGEL, Chief Judge, WELLFORD, Circuit Judge and WILLIAM K. THOMAS, District Judge.*
 
 ORDER
 
 2
 Plaintiff Barnes pro se filed his original complaint pursuant to 10 U.S.C. Sec. 1552 in the District Court for the Northern District of Ohio on January 25, 1988. On May 2, 1988, the district court dismissed the complaint on the grounds that Barnes had failed to exhaust his administrative remedies. Nine days later, on May 11, 1988, the plaintiff filed a letter styled as a "motion for a new trial." A copy of Barnes' motion, however, apparently was not served on the defendant within ten days of the order dismissing the complaint. Attached to this motion was a letter from the Army's Board for Correction of Military Records stating that "you have exhausted your remedy within the Department of the Army" and that the only remaining recourse was to file a complaint in federal court. The district court declined to grant Barnes any relief from the order of dismissal without prejudice. On June 2, 1988, Barnes filed a pro se appellant's brief with this court in respect to an appeal. On July 22, 1988, the defendant moved to strike the plaintiff's brief for failure to identify grounds for relief.
 
 
 3
 The file reflects that Barnes, a veteran who seeks to expunge certain material from his military record, has experienced serious mental and emotional problems. He has appealed administratively from adverse action by the defendant.
 
 
 4
 The district court properly dismissed the original complaint based on the failure of Barnes to reflect in his complaint or to show that he had, in fact, exhausted his administrative rights. The filing of the information by this pro se plaintiff within ten days from the order of dismissal, however, we believe deserves further consideration by the district judge.
 
 
 5
 The court document filed may be considered as a motion to amend to reflect the exhaustion accomplished and/or may be considered a "motion to amend findings made by the court" under Rule 52(b) of Fed.R.Civ.P. Under Rule 52(b), a court may amend its findings and its judgment upon a motion by a party made not later than ten days after the entry of judgment. Such a motion may properly be made with a motion for a new trial pursuant to Rule 59. Barnes filed his "motion for a new trial," accompanied by the additional evidence showing exhaustion of remedies, within ten days after the district court's judgment.
 
 
 6
 We accordingly remand in order that the district court may consider further whether the order of dismissal should be set aside and the matter proceed on the merits of Barnes' claim. Sixth Circuit Rule 9(b)(5), Fed.R.App.P. 34(a).
 
 
 
 *
 The Honorable WILLIAM K. THOMAS, Senior United States District Judge for the Northern District of Ohio, sitting by designation